# CHARLESTON.

RUTH SHANNER *et als.* *v.* UNITED FUEL GAS COMPANY *et als.*
(C. C. 336.)

Submitted January 20, 1925.    Decided January 27, 1925.

EQUITY—*Bill Against Two or More Defendants Embodying Separate and Distinct Claims Against Each is Subject to Demurrer as Being Multifarious.*

A bill against two or more defendants which embodies separate and distinct claims against each is multifarious and therefore demurrable.

(Equity, 21 C. J. § 444.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Certified Questions from Circuit Court, Roane County.

Suit by Ruth Shanner and others against the United Fuel Gas Company and others. After sustaining demurrer to bill, the circuit court certified for review questions arising thereon.

*Affirmed.*

*Wm. S. Ryan* and *Thos. P. Ryan,* for plaintiffs.

*Harold A. Ritz* and *Raymond Dodson,* and *Harper & Baker,* for defendants.

HATCHER, JUDGE:

The circuit court of Roane County certifies for review certain questions arising upon its ruling sustaining the demurrer to plaintiffs' bill.

Plaintiffs, five adults and two infants suing by their next friend, allege in their bill that Robinson Drake died intestate and was the absolute owner at the time of his death of 56 acres of land in Roane County; that he left surviving him as his sole heirs-at-law eleven children, among them Perry Drake; that Perry Drake has since died intestate, leaving surviving him the plaintiffs, and defendant, Dicey Drake, his widow; that all of the eleven heirs of Robinson Drake except Perry Drake conveyed their ten-elevenths interest in the 56 acres of land to defendant S. E. Steele, who in turn conveyed said interest, reserving one-half of "all oil and gas within and underlying said tract of land" to defendants A. C. Cottrill and Lydia Cottrill, present owners thereof.

Plaintiffs allege that for many years prior to the death of said Perry Drake, defendant Dicey Drake, his wife, had deserted him and lived separate and apart from him, and was so living at the time of his death, and that she therefore took no right of dower in his interest in said tract of land.

Plaintiffs allege that they are the fee simple owners of an undivided one-eleventh part of said land.

They allege further that defendant United Fuel Gas Company, on the......day of........., 1923, conditionally contracted to purchase the interests of the adult plaintiffs in the tract of land for $1,000, upon the express consideration that the whole of the purchase price be paid on the ...... day of ........., 1923, and that it was expressly agreed that if the money was not paid at that time the sale would not be made and that title would not pass to defendant United Fuel Gas Company; that, in accordance with such agreement, the defendant United Fuel Gas Company caused a deed to be pre-

pared, dated June 28, 1923, now of record in the Roane County Court Clerk's office, between defendant Dicey Drake and plaintiffs, parties of the first part, and United Fuel Gas Company, party of the second part, but that said deed was not executed until long after the date on which they were to pay the $1,000 for the interests of the adult plaintiffs. Plaintiffs further allege that the signature of J. O. Drake as guardian of the infant plaintiffs was void, he never having obtained authorization from the circuit court to execute such a deed. They allege that as payment of the $1,000 to the adult plaintiffs on the date set was a condition precedent to the passing of title to the United Fuel Gas Company, and that as the money was not paid on that date, and in fact has never been paid to or accepted by plaintiffs, and as the deed was void as to the infant plaintiffs, the recording of said deed by defendant United Fuel Gas Company was done with intent to cheat and defraud these plaintiffs of their interests in said land, and that no title has passed thereunder to said United Fuel Gas Company.

Plaintiffs allege that on September 21, 1922, defendants Andrew and Lydia Cottrill executed and delivered to the defendant United Fuel Gas Company a lease for oil and gas on a tract of 111 acres of land which purports to lease "their" undivided interest in the Drake tract, but plaintiffs say that this lease is in no wise binding upon them as heirs of Perry Drake.

Plaintiffs allege that they, together with Andrew and Lydia Cottrill, are in open, adverse and notorious possession of said tract of land, and have been for many years past.

Plaintiffs say that, being the owners of one-eleventh undivided interest in the tract of land, they are entitled to a partition of said land and to have their respective interests assigned to them, and they pray that this be effected either in kind or by sale and division of proceeds, as the court may decree.

They pray that the lease of A. C. and Lydia Cottrill to the United Fuel Gas Company, the reservation of one-half of the oil and gas reserved in the deed from S. E. Steele and wife to A. C. and Lydia Cottrill, and the deed purporting to convey

these plaintiffs' interest in the said 65 acres to the United Fuel Gas Company, above referred to, be cancelled and removed as clouds upon plaintiffs' interest in said tract of land.

From the foregoing it will be seen that as against Dicey Drake plaintiffs allege facts contemplating relief as to which defendant United Fuel Gas Company is not interested; that the issues between the plaintiffs and the Gas Company involve pleadings and evidence in which defendant Steele is in no wise concerned, in part of which the Cottrills are not concerned, and in another part of which defendant Dicey Drake is not interested. From the allegations it appears that the proof in regard to the several causes of equitable relief sought would be separate, distinct, and in no wise related; all of which would necessarily result in a confusion of the issues involved as well as the proof in regard thereto, and renders the bill multifarious.

> "A bill by the heirs of a deceased person against a purchaser of the decedent's real estate at a sale thereof for non-payment of taxes, to set aside the deed acquired under such purchase and to declare the dower of the widow of such decedent in the same land barred, is multifarious." *Frum* v. *Fox*, 58 W. Va. 334; 52 S. E. 178.

In its opinion in the above case the court said:

> "The dismissal of the bill as to M. F. Fitzwater is made the subject of a cross-assignment of error by counsel for the appellees, it being insisted that the two objects disclosed by the bill, cancellation of the tax deed, and barring the dower right, were not inconsistent. They are undoubtedly wholly foreign to each other. The tax deed stood in the way of the claim of the widow as well as that of the heirs. Against it, they made common cause, for, in order to obtain any title or interest in the land, they must get rid of it. This made an issue between the widow and heirs, on one side, against Fox, on the other, involving pleadings and evidence which had no relation whatever to the claim of dower. The issue between the widow and heirs respecting the dower is wholly different, and with that Fox has nothing to do. When the matter demanded against one is separate, distinct and uncon-

nected with the matter demanded against another, and neither is interested in the defense to be made by the other, the bill asserting such different demands is multifarious. *Stuart* v. *Coulter,* 4 Rand. 74.''

Several questions other than multifariousness were raised on the demurrer in this case and are certified here, but as the bill is so clearly multifarious, we do not consider it necessary to discuss the other objections thereto. It would only be to pile Ossa upon Pelion.

The ruling of the circuit court is therefore affirmed.

*Affirmed.*